UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACKSON,<br><br>           Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>           Defendant. | Case No. CV 15-847-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI").  He claims that the Administrative Law Judge ("ALJ") erred when he failed to explain why he rejected the opinion of a reviewing physician.  For the following reasons, the Court affirms the ALJ's decision.

## II.   SUMMARY OF PROCEEDINGS

In October 2010, Plaintiff applied for SSI, alleging that he had been disabled since January 2009, due to pain in his left leg and right hand, paranoid schizophrenia, hallucinations, and depression. (Administrative Record ("AR") 163, 175, 179.)  The Agency denied his

application. He then requested and was granted a hearing before an ALJ. In December 2012 and July 2013, he appeared with counsel and testified at two hearings. (AR 45-83, 86-95.) In August 2013, the ALJ issued a decision denying benefits. (AR 23-32.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-19.) Thereafter, he filed the instant action.

## III.   ANALYSIS

A. <u>The Residual Functional Capacity Determination</u>

The ALJ found that Plaintiff's history of fracture of the first carpal bone of the right hand was a severe impairment but determined that Plaintiff would still be able to perform medium work (using both hands or his left hand alone) or light work (using his right hand alone).[1] (AR 25, 27-28.) Based on the ALJ's determination of Plaintiff's functional limitations, a vocational expert opined that Plaintiff would be able to perform work existing in the national economy. (AR 30-31, 251-52.)

Plaintiff contends that the ALJ erred in formulating the residual functional capacity because he failed to properly consider or adopt the opinion of Dr. Karine Lancaster, a state agency reviewing doctor, who opined that Plaintiff would be limited to no more than occasional handling with his right, dominant hand. (AR 285.) Dr. Lancaster explained on a physical residual functional capacity assessment form that her opinion was based on the examination conducted by consulting internist Dr. Stephen Borowsky, who found that Plaintiff had reduced grip strength and residual weakness in his right hand. (AR 277, 279,

---

[1] The ALJ found that there were other limitations but Plaintiff has challenged only the ALJ's findings regarding his right hand impairment. (Joint Stip. at 5-9.)

283, 285.)  In Plaintiff's view, the ALJ never explained why he was rejecting Dr. Lancaster's opinion and improperly substituted his own opinion regarding Dr. Borowsky's examination results in place of Dr. Lancaster's.  (Joint Stip. at 6.)  For the following reasons, the Court disagrees.

Consulting internists Kris Siciarz and Borowsky examined Plaintiff in April 2010 and May 2011, respectively, and concluded that he would have no physical functional limitations.  (AR 279, 330.)  The ALJ adopted their opinions.  (AR 29.)  Notably, although both of them recorded a reduced grip strength in Plaintiff's right hand (AR 277, 328), neither found it would impact his ability to handle items.  Furthermore, lest there be any ambiguity, Dr. Borowsky expressly noted that Plaintiff would have "no problem . . . in manipulation either fine or gross."  (AR 279.)

In his decision, the ALJ explained all of the doctors' opinions, including Dr. Lancaster's view that Plaintiff could use his right hand only occasionally due to reduced grip strength.  (AR 29.)  Immediately after addressing Dr. Lancaster's opinion, the ALJ explained why it was inconsistent with examining doctor Borowsky's opinion, i.e., because Dr. Borowsky found no objective evidence of impairment in the right hand aside from reduced grip strength.  (AR 29.)  The ALJ ultimately accepted the opinions of examining doctors Borowsky and Siciarz and not reviewing doctor Lancaster's.  In doing so, the ALJ adopted Dr. Borowsky's interpretation of his own examination results over the interpretation proffered by Dr. Lancaster, who never examined Plaintiff and whose opinion was based on Dr. Borowsky's examination.  This was consistent with the established "hierarchy" of medical source opinions, as set forth in the governing law and regulations.  *See*,

*e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (noting opinion of examining physician is entitled to greater weight than that of a non-examining physician).  Even though a non-examining doctor's opinion, such as Dr. Lancaster's, may serve as substantial evidence to reject another doctor's opinion when the non-examining doctor's opinion is consistent with other independent evidence in the record, *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995), it is also clear that the "opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).  Here, the ALJ was entitled to accept the opinion of the doctor who had actually examined Plaintiff over the non-examining doctor's interpretation of what the examining doctor found.  Finally, though the ALJ could have been clearer in setting forth the reason why he was discounting Dr. Lancaster's opinion, he did set forth his reason and it was supported by substantial evidence in the record.

## IV.   CONCLUSION

For these reasons, the ALJ's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: July 8, 2016.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\JACKSON, R 847\Memo Opinion and Order.wpd